■ In the Matter of DOMINGO ROSARIO, Appellant, v CHARLES SCULLY, as Superintendent of Green Haven Correctional Facility, Respondent.—In a proceeding pursuant to CPLR article 78 to review a determination of the respondent Superintendent of the Green Haven Correctional Facility of the petitioner's request for permission to purchase and to use a listening and recording device for the purpose of corresponding with his family and/or attorney, the petitioner appeals from a judgment of the Supreme Court, Dutchess County (Patsalos, J.), dated June 1, 1984, which dismissed the petition.

Ordered that the judgment is affirmed, without costs or disbursements.

The petitioner, who had both arms amputated as a child, has only a limited ability to write with the use of a prosthetic device. The possession or use of recording devices by inmates is prohibited by a directive duly promulgated by the Department of Correctional Services pursuant to Correction Law

§ 112 (1). As the petitioner's counsel concedes, the general prohibition against the possession by inmates of radio equipment with recording capabilities is a security measure to prevent use of such equipment to record conversations of inmates and correction officers for such improper purposes as blackmail. The Superintendent has, however, offered to approve an arrangement pursuant to 7 NYCRR 720.3 (b) whereby another inmate could assist the petitioner in his correspondence upon the petitioner's request. Moreover, the Superintendent has made a reasonable accommodation to the petitioner's needs by permitting the taping of college classes.

We find the petitioner's contention that unless he is permitted to use a recording device for correspondence he will be denied the rights and privileges enjoyed by other inmates to be without merit. Under the circumstances, it cannot be found that the exercise of discretion by the Superintendent was either without rational basis or arbitrary and capricious (see, Matter of Pell v Board of Educ., 34 NY2d 222, 231). Mangano, J. P., Niehoff, Weinstein and Kunzeman, JJ., concur.